UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sandra Rachuy,                                                   Civil No. 08-1188 (DWF/RLE)

              Plaintiff,

v.                                                                              **ORDER AND MEMORANDUM**

Anchor Bank, individually and as a Minnesota
Corporation; Kristie Shafer, individually and in
her official capacity as an employee of Anchor
Bank; Joyce Maddox, individually and in her
official capacity as an employee of Anchor Bank;
Donald Kottke, individually and in his official
capacity as an employee of Anchor Bank; and
Denise Nelson, individually and in her official
capacity as an employee of Anchor Bank,

              Defendants.

---

Sandra Rachuy, *Pro Se*, Plaintiff.

Alan I. Silver, Esq., and Jessica Schulte Williams, Esq., Bassford Remele, counsel for Defendants.

---

This matter is before the Court upon a Motion for Sanctions brought by Defendants Anchor Bank, Kristie Shafer, Joyce Maddox, Donald Kottke and Denise Nelson (together, the "Defendants"). Defendants request that this Court award sanctions against Plaintiff Sandra Rachuy in the amount of $2,500.

Based on the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1. Defendants' Motion for Sanctions (Doc. No. 67) is **GRANTED**.

2. The Court awards Defendants sanctions against Plaintiff Sandra Rachuy in the amount of $2,500.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 10, 2009
                         s/Donovan W. Frank
                         DONOVAN W. FRANK
                         United States District Judge

# MEMORANDUM

Plaintiff's husband, Gale Rachuy ("Gale"), was convicted of three counts of offering a forged check in relation to transactions accomplished through his joint account with Plaintiff at Anchor Bank. Gale brought a suit against Anchor Bank in Minnesota state court related to those transactions and the state court entered judgment in favor of Anchor Bank. Plaintiff then commenced this suit in federal court on the same grounds and Gale attempted to intervene herein. Even after being denied the right to intervene, Gale continued to file documents with the Court. Ultimately, this Court entered summary judgment against Plaintiff because *res judicata* barred consideration of most of her claims and concluded that summary judgment was otherwise warranted as to the remainder of her claims. (Doc. No. 61.) The Court also expressly held that Plaintiff's suit was frivolous.

Defendants subsequently filed their request for sanctions against Plaintiff. Defendants requested sanctions in the amount of $2,500 pursuant to the Court's inherent

authority to sanction parties for abusing the judicial process and under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings between the parties. The Defendants noted that their attorney fees in the matter were considerable, but rather than asking for all of these fees, they requested that a smaller monetary sanction be applied.

The Court agrees that a monetary sanction is warranted in this case and awards the requested sanction pursuant to its inherent authority. *See Harlan v. Lewis*, 982 F.2d 1255 (8th Cir. 1993) (explaining a district court's inherent authority to impose sanctions for conduct that abuses the judicial process and upholding an award of sanctions). Plaintiff pursued this case against Defendants notwithstanding that Gale had been convicted and sentenced for his conduct regarding their account and the state courts had previously granted judgment on many of the same claims raised in this matter. Substituting Plaintiff for Gale as the party bringing suit does not remedy the deficiency, nor does it excuse Plaintiff's conduct in this case, which was a frivolous exercise requiring the Defendants to incur additional expenses and wasted judicial resources. The requested sanction, $2,500, is a modest sum to award given that Defendants could have requested attorney fees and costs, which would have been substantially more.

For these reasons, the Court grants Defendants Motion for Sanctions and awards a sanction against Plaintiff in the amount of $2,500.

D.W.F.