Sandra Rachuy,                      Civil No. 08-1188 (DWF/RLE)

         Plaintiff,

v.                                      **ORDER AND**
                                          **MEMORANDUM**

Anchor Bank, individually and as a Minnesota
Corporation; Kristie Shafer, individually and in
her official capacity as an employee of Anchor
Bank; Joyce Maddox, individually and in her
official capacity as an employee of Anchor Bank;
Donald Kottke, individually and in his official
capacity as an employee of Anchor Bank; and
Denise Nelson, individually and in her official
capacity as an employee of Anchor Bank,

         Defendants.

---

Sandra Rachuy, *Pro Se*, Plaintiff.

Alan I. Silver, Esq., and Jessica Schulte Williams, Esq., Bassford Remele, counsel for
Defendants.

---

This matter is before the Court on separate motions to set side the judgment

entered in this action under Rules 59 and 60 of the Federal Rules of Civil Procedure

brought by Plaintiff Sandra Rachuy ("Plaintiff") and Gale Rachuy ("Rachuy").

Defendants Anchor Bank (the "Bank"), Kristie Shafer, Joyce Maddox, Donald Kottke

and Denise Nelson (together, the "Defendants") oppose the motion and seek additional

sanctions against Plaintiff and Rachuy in the amount of $1,000 each. Based on the record

and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.      Plaintiff's motion to set aside judgment (Doc. No. 82) is **DENIED**.

2.      Rachuy's motion to set aside judgment (Doc. No. 85) is **DENIED**.

3.      The Court awards Defendants' request for sanctions against Plaintiff in the amount of $1,000.

4.      The Court awards Defendants' request for sanctions against Rachuy in the amount of $1,000.


Dated:  October 31, 2009          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge


## MEMORANDUM

The facts of this case are set forth more fully in the Court's Memorandum Opinion and Order dated February 17, 2009 (Doc. No. 61) and are briefly summarized here. Plaintiff's husband, Gale Rachuy, was convicted by a Ramsey County jury of three counts of offering a forged check in relation to transactions accomplished through his joint account with Plaintiff at the Bank.  Rachuy brought a civil suit against the Bank in Hennepin County District Court related to those transactions.  On July 29, 2008, the Hennepin County District Court granted summary judgment in the civil suit in favor of the Bank, finding that the Ramsey County jury's guilty verdict on offering forged checks

bars all of Rachuy's claims relating to the Bank's alleged wrongful dishonor of his checks and alternatively that each of Rachuy's claims was either barred under certain federal or state statutes granting immunity to federal institutions or failed to state a claim for relief. The Hennepin County District Court entered judgment in favor of the Bank.

Plaintiff then commenced this suit in federal court bringing claims that arise from Rachuy's transactions on the bank account co-owned by Plaintiff and from the Bank's handling of Rachuy's deposits. Rachuy's attempt to intervene was denied. (Doc. Nos. 32, 52.) Rachuy continued to file documents with the Court. Subsequently, the Court entered summary judgment against Plaintiff on the grounds that *res judicata* barred consideration of most of her claims and that summary judgment was otherwise warranted as to the remainder of her claims. The *res judicata* decision was based on the fact that the Hennepin County District Court previously entered summary judgment in favor of the Bank with respect to essentially identical claims brought in that case by Rachuy, that Plaintiff's claims in the instant action arise out of the same nucleus of operative facts as the claims litigated in the Hennepin County District Court case, that the court was a court of competent jurisdiction, and that the state court's grant of summary judgment and judgment was a final adjudication on the merits. The Court also held that Plaintiff's suit was frivolous and subsequently granted Defendants' request for sanctions against Plaintiff.

Plaintiff and Rachuy separately move under Rules 59 and 60 of the Federal Rules of Civil Procedure to set aside the Court's order granting summary judgment and the judgment for fees. Plaintiff's and Rachuy's motions are based on the fact that the

criminal case against Rachuy was reversed and remanded.[1]  *State of Minnesota v. Gale Rachuy*, A07-2266 (Minn. Ct. App. June 30, 2009).

## I.     Relief from Judgment

Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a final judgment or order for certain reasons.  *Cornell v. Nix,* 119 F.3d 1329, 1332 (8th Cir. 1997).  Rule 60(b) reads, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud, . . . misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "Rule 60(b) provides extraordinary relief in exceptional circumstances."  *Sellers v. Mineta,* 350 F.3d 706, 716 (8th Cir. 2003).  The district court has wide discretion in determining whether or not to grant relief under Rule 60(b).  *See id*.

Plaintiff appears to base her motion on Rules 60(b)(5) and Rule 60(b)(6), asserting that the judgment in this case should be vacated because Rachuy's criminal conviction in state court was reversed and remanded for a new trial.  Rule 60(b)(5) provides relief from a judgment when such judgment is based on another judgment that has been reversed or vacated.  Here, however, the Court based its *res judicata* determination on the Hennepin

---

[1]      As a threshold matter, the Court denies Rachuy's motion.  Rachuy is not a party to this action.  Thus, he has no standing to request that the judgment in this action be set aside.

County District Court judgment, *not* on Rachuy's criminal conviction. That the criminal conviction has been reversed and remanded does not trigger relief under Rule 60(b)(5). Moreover, on October 27, 2009, the Minnesota Court of Appeals affirmed the Hennepin County District Court judgment upon which this Court based its *res judicata* determination.[2] *Gale Rachuy v. Anchor Bank*, A09-299 (Minn. Ct. App. Oct. 27, 2009). Therefore, the Hennepin County District Court's grant of summary judgment remains a final judgment on the merits and continues to be properly considered for *res judicata* purposes. The Court determines that relief from judgment is not warranted under Rule 60(b)(5).

Rule 60(b)(6) is an extraordinary remedy that should be granted only when exceptional circumstances prevented a party from seeking redress through the usual channels. *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). Plaintiff has failed to demonstrate any basis for relief under Rule 60(b)(6). On the record before it, the Court finds that there are no sufficiently exceptional circumstances here to warrant relief under Rule 60(b)(6).[3]

---

[2] The Court of Appeals recognized that because Rachuy's criminal convictions were reversed, collateral estoppel was no longer a proper basis for summary judgment. *Gale Rachuy v. Anchor Bank*, A09-299, at 4-5 (Minn. Ct. App. Oct. 27, 2009). The Court of Appeals also concluded, however, that Rachuy's claims, and namely his claims for defamation and wrongful dishonor of checks, failed as a matter of law on the merits. *Id.* at 4-6.

[3] Plaintiff also seeks relief under Rule 59. Rule 59, however, provides for post-trial relief from judgment and requires that a motion under the rule be made no later than ten days after the entry of judgment. There was no trial in this case and Plaintiff failed to bring her Rule 59 motions in a timely fashion. Accordingly, relief under Rule 59 is denied.

**B.     Sanctions**

Defendants request an award of sanctions against both Plaintiff and Rachuy pursuant to the Court's inherent authority. The Court agrees that a monetary sanction is warranted in this case and awards the requested sanction. *See Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993) (explaining a district court's inherent authority to impose sanctions for conduct that abuses the judicial process and upholding an award of sanctions). Rachuy previously moved to intervene in this action. His motion was denied and Rachuy did not appeal the judgment. Rachuy is not a party to this action and his current motion to set aside judgment is frivolous. In addition, Plaintiff has brought a motion to set aside the judgment in this case despite the fact that the Hennepin County District Court judgment was still final.[4] For these reasons, the Court grants Defendants request for an award of sanctions against Plaintiff and Rachuy in the amount of $1,000 each.

D.W.F.

---

[4]     The Hennepin County District Court judgment remained final despite the pending appeal. *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 221 (Minn. 2007).